UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 25-CV-60369-RLR

**KIDS MAGIC LLC**,

*Plaintiff*,

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,

*Defendants*.
_____/

### ORDER GRANTING IN PART BY DEFAULT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND RESCHEDULING THE PRELIMINARY INJUNCTION HEARING

**THIS MATTER** comes before the Court on Plaintiff Kids Magic LLC's Motion for a Preliminary Injunction against Defendants, the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint (collectively, the "Defendants"). DE 7.

The procedural history is as follows. Plaintiff filed its Complaint on February 25, 2025, against the Defendants for copyright infringement in violation of 17 U.S.C. § 101, *et seq.* DE 1 at 14. After carefully reviewing the motions and the docket, the Court then granted Plaintiff's ensuing Motion to Seal, DE 9; Motion to Authorize Alternate Service of Process, DE 10; and *Ex Parte* Application for Entry of a Temporary Restraining Order and Setting a Preliminary Injunction Hearing, DE 11.

On March 11 and 12, 2025, Plaintiff provided copies of the TRO to counsel or representatives for third-party providers providing services to the Defendants in order to receive relevant expedited discovery and restrain Defendants' accounts before effectuating service upon

the Defendants. DE 13 ¶ 6. Plaintiff stated that if Defendants are notified of the proceeding prior to having their respective accounts restrained, "Defendants can easily and quickly change the ownership, modify domain registration . . . and transfer assets and ownership of the seller identification names and domain names, thereby thwarting Plaintiff's ability to obtain meaningful relief." *Id.* ¶ 8. The Court therefore extended the TRO. DE 16, 20. The Court rescheduled the hearing on Plaintiff's Motion for a Preliminary Injunction to April 11, 2025, and ordered that Defendants respond to Plaintiff's Motion no later than April 9, 2025. DE 11, 16. On April 9, 2025, Plaintiff filed its motion to unseal the docket, DE 30, pursuant to the Court's order that Plaintiff move to unseal the docket once service had been effectuated upon all Defendants, DE 11 ¶ 14.

To date, only one Defendant, Rosenza International Trading LLC d/b/a KatchOnTM Store and KatchOnTM Store (DOE Nos. 41 and 42, hereinafter referred to as "KatchOnTM") has timely filed a response in opposition to Plaintiff's Motion. DE 31. Defendant's objections include its assertions that (1) Plaintiff cannot establish that this Court has personal jurisdiction over KatchOnTM; (2) Plaintiff cannot establish that, by emailing service only two days before, Plaintiff has properly served KatchOnTM; (3) Plaintiff fails to show a likelihood of success on the merits of its copyright claims; and (4) Plaintiff is at no risk of imminent irreparable injury because Defendant has "stopped selling the allegedly infringing products as soon as it became aware of the alleged infringement, has no intention of resuming sales of these products, and will voluntarily agree not to do so in the future." *Id.* at 2.

Having reviewed the Plaintiff's Motion, KatchOnTM's Response, and the record, it is hereby **ORDERED and ADJUDGED**:

1. Pursuant to Local Rule 7.1(c), the Court **GRANTS IN PART** Plaintiff's Motion for Preliminary Injunction by default as to all Defendants who have not timely objected to

Plaintiff's Motion.  The Plaintiff shall submit a proposed injunction in Microsoft Word format to rosenberg@flsd.uscourts.gov.

2. Because Defendant KatchOnTM has appeared and made arguments to defend itself, the Court will not exercise its considerable discretion to grant further TRO relief as to KatchOnTM, particularly because KatchOnTM has asserted that it has ceased all sales of the allegedly infringing products and has voluntarily agreed not to resume sales of those products in the future.

3. The Court acknowledges the speed with which KatchOnTM was required to appear and respond to Plaintiff's Motion.  In light of the content of KatchOnTM's objections and the short span of time it had to file its Response, the Court will grant additional time for KatchOnTM to (i) meet and further confer with Plaintiff, (ii) amend its Response if necessary, and (iii) have the opportunity to inform the Court of any discovery that KatchOnTM may seek to adequately respond to Plaintiff's Motion.  If KatchOnTM intends to amend its Response, KatchOnTM shall do so **no later than April 23, 2025**.  Plaintiff shall reply to any amended response **no later than seven (7) days after** the amended response is filed.

4. The Court **RESCHEDULES** the hearing on Plaintiff's Motion for Preliminary Injunction to **Thursday, May 15, 2025, at 10 a.m. Eastern**.  The hearing shall be conducted remotely, and the Court will send Zoom information to the parties before the hearing.

5. The current hearing on the Motion, scheduled for April 11, 2025, is **CANCELED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 10th day of April, 2025.

Copies furnished to:
All counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE